EQUAL EMPLOYMENT·OPPORTUNITY COMMISSION, Plaintiff,

v.

UNIVERSITY OF NOTRE DAME DU LAC, Defendant.

Eileen BENDER, Plaintiff,

v.

UNIVERSITY OF NOTRE DAME DU LAC, Defendant.

Nos. S 85–479, S 84–543.

United States District Court, N.D. Indiana, South Bend Division.

Dec. 11, 1985.

Barbara J. Meacham, Trial Atty., E.E.O.C., Indianapolis, Ind., for E.E.O.C.

Thomas J. Brunner, Jr., John C. Hamilton, South Bend, Ind., for Bender.

Lawrence C. DiNardo, Robert C. Long, Thomas J. Piskorski, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Philip J. Faccenda, Patricia L. Lyons, Office of the General Counsel, University of Notre Dame, Notre Dame, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On August 21, 1985, the Equal Employment Opportunity Commission (EEOC) filed its single count complaint against the University of Notre Dame Du Lac (Notre Dame) pursuant to Section 706(i) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(i). The EEOC alleges in said complaint that this court approved a Settlement Agreement (Frese Settlement Agreement) executed in a class action entitled *Delores Frese v. University of Notre Dame Du Lac a/k/a University of Notre Dame*, Consolidated Cause Nos. S 78–106 and S 78–36, on August 3, 1981 (Approval Order) and that Notre Dame has failed to comply with the terms of said Settlement Agreement. Notre Dame has filed a Motion to Dismiss on the ground that Section 2000e–5(i) does not give the EEOC statutory authority to bring this action because there is no "order of a court" which the EEOC can compel Notre Dame to comply with. The parties have briefed the issues and the matter is ripe for ruling. For the following reasons, defendant's motion will be granted.

■ Section 2000e–5(i) of Title 42, United States Code, provides as follows:

In any case in which an employer, employment agency, or labor organization fails to comply with an order of a court issued in a civil action brought under this section, the Commission may commence proceedings to compel compliance with such order.

Under this provision, the EEOC may initiate court proceedings to compel compliance only when a court order has been issued and the subject has failed to comply with it. *Air Lines Stewards & Stewardesses Association, Local 550, v. American Airlines, Inc.*, 455 F.2d 101, 104–105 (7th Cir.1972). The Seventh Circuit in *Local 550* also noted that the scope of section 706(i) was limited, stating as follows:

[T]he interest afforded under Section 706(i) is a limited one of the ability to initiate contempt proceedings upon the defendant's failure to comply with the order of the trial court. (footnote omitted)

*Id.* at 105.

■ In this case, the EEOC maintains that the Memorandum Opinion and Order of this court entered on August 3, 1981 is an "order" within the meaning of section 2000e–5(i). The EEOC further maintains that said section grants it authority to bring an action to compel compliance with the Frese Settlement Agreement, even though it was executed in settlement of a private lawsuit. This court agrees with the plaintiff's first argument but finds its second argument unpersuasive.

The Approval Order entered by this court on August 3, 1981 was an order issued in a Title VII case. That case provided as follows:

1. This Court has jurisdiction of the subject matter of the *Frese* action and of the parties thereto, said action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

2. The certification of the *Frese* class as consisting of the following persons is now made final:

All untenured female faculty members employed by the Defendant at any time after January 1, 1977, who claim

to have been discriminated against on the basis of sex in contract renewal, promotion, tenure, salary, pension benefits and other terms and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

3. The settlement agreement reached by the parties dated the 16th day of March, 1981, fairly and adequately resolves all issues between the parties relating to claims of discrimination against the class on the basis of sex in contract renewal, promotion, tenure, salary, pension benefits, and other terms and conditions of employment, and the same is hereby finally approved and objections thereto are overruled.

4. The *Frese* action is hereby dismissed with prejudice, except that the Court shall retain jurisdiction for the limited purpose of ruling on Plaintiff's attorneys' fees, costs and expenses as provided in Paragraph 8 of the parties' settlement agreement.

5. The Clerk of Court is ordered to enter judgment accordingly on this date.

The plain language quoted above imposes no requirements on Notre Dame to do anything. Rather, it approved the Frese Settlement Agreement as fair and adequate as required pursuant to Fed.R.Civ.Proc. 23(e) and dismissed the case and ordered that judgment be entered accordingly. Thus, consistent with plaintiff's assertion, said order was a final judgment within the meaning of Fed.R.Civ.Proc. 54.

However, that Approval Order did not incorporate the provisions of the Frese Settlement Agreement nor were there any other court orders entered that did so. The Frese Settlement Agreement was not a Consent Decree entered by the court. Rather, it was in the nature of a contract between parties which did not include the EEOC and which was not incorporated into nor made a part of a court order.

Accordingly and for the foregoing reasons, defendant's Motion to Dismiss is hereby GRANTED. The action filed by the EEOC is hereby DISMISSED.

Further, the dismissal of this case renders moot the EEOC's "Request for Clarification of Protective Order and Order Consolidating the Actions" and the same is hereby DENIED. SO ORDERED.